UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

LYNN TILTON; PATRIARCH PARTNERS,
LLC; PATRIARCH PARTNERS VIII, LLC;
PATRIARCH PARTNERS XIV, LLC; and
PATRIARCH PARTNERS XV, LLC,

          No. 15 Civ. 02472 (RA)

        Plaintiffs,

        v.

SECURITIES AND EXCHANGE
COMMISSION,

        Defendant.

---------------------------------------------------------------X

## DECLARATION OF LYNN TILTON

I, Lynn Tilton, declare and state as follows:

1. I am the founder and Chief Executive Officer ("CEO") of Patriarch Partners, LLC ("Patriarch Partners"). I make this Declaration in Support of Plaintiffs' Motion for Preliminary Injunction.

2. Patriarch Partners is a limited liability company organized and existing under the laws of the State of Delaware and having its principal place of business in New York County, New York. I, through an affiliated entity, own Patriarch Partners, which is a private equity investment firm focused on the acquisition, restructuring and rebuilding of distressed American companies.

3. Patriarch Partners VIII, LLC; Patriarch Partners XIV, LLC; and Patriarch Partners XV, LLC (collectively, the "Patriarch Investment Entities") are limited liability companies organized and existing under the laws of the State of Delaware and having their principal place

of business in New York County, New York. These companies are ultimately owned, through affiliated entities, by me and by a trust for the benefit of my daughter, and are the collateral managers of distressed debt investment funds structured as collateral loan obligations ("CLOs").

4. I founded Patriarch Partners in 2000. Since that time, Patriarch Partners and its affiliated entities have restructured and rebuilt many dozens of companies, including well-known American brands such as Rand McNally, Stila Cosmetics, Dura Automotive and MD Helicopters.

5. The investment funds managed by the Patriarch Investment Entities, Zohar CDO 2003-1, Limited; Zohar II 2005-1, Limited; and Zohar III, Limited (collectively, the "Zohar Funds"), were structured as CLOs, which raise cash by issuing debt to outside investors, known as noteholders. The Zohar noteholders are the most sophisticated of institutional investors. I, through personal affiliates, am the principal equity owner of the Zohar Funds.

6. The Zohar Funds' principal investment strategy, unique among CLOs, was to acquire deeply distressed companies, make loans to them, and implement a long-term turnaround strategy to build value for the funds and their noteholders. As part of this strategy, the Zohar Funds have invested more than $2.5 billion raised from the Zohar Fund noteholders in the debt and equity of distressed companies (the "portfolio companies").

7. Patriarch Partners and the Patriarch Investment Entities, at my direction, act as the collateral managers of the Zohar Funds. I also guide the management of the Zohar Funds' portfolio companies in my role as Manager and/or CEO of these companies. Affiliates of Patriarch Partners provide these companies with operational and management services, and work day-to-day on company business. This long-term strategy requires that Patriarch Partners and its

affiliates have sufficient time and flexibility to provide the Zohar Funds' deeply distressed companies with the support necessary to effect a turnaround and maximize value.

8. Without injunctive relief from this Court, Patriarch Partners, the Patriarch Investment Entities and I (collectively "Patriarch") will be required to submit to an administrative proceeding that will cause me, Patriarch Partners, the Patriarch Investment Entities, Patriarch's other affiliates, and the portfolio companies severe, irreparable harm. These harms would include substantial litigation and resource burdens incurred during the administrative proceeding as well as the reputational harm associated with defending that proceeding. Further, if Patriarch were to lose in an administrative proceeding, Patriarch would suffer additional reputational harm, including the threat of a cease and desist order and assessment of monetary penalties, even before Patriarch has the opportunity to seek relief on any final administrative order in a U.S. Court of Appeals.

9. My personal reputation and pivotal role at Patriarch are integral to numerous Zohar Fund portfolio companies, tens of thousands of American jobs, and more than two billion dollars of outstanding notes. I play a central strategic role in the turnaround efforts for these companies, serving, for example, as the CEO of ten portfolio companies and Manager or Director of well over 100 corporate entities comprising dozens of portfolio companies. I am also a source of additional funding for the companies.

10. Additionally, several major portfolio companies are dependent on contracts with the U.S. government (e.g., MD Helicopters) or large public companies, such as automobile manufacturers (e.g., Dura and Global Automotive Systems), which could be jeopardized by the reputational stigma associated with the administrative hearing Plaintiffs seek to enjoin. I am an

active CEO and usually serve as the chief negotiator of these major governmental and corporate contracts.

11. Some of these contracts have been granted as a result of certain portfolio companies' status as registered Women Owned Businesses by the Women's Business Enterprise National Council ("WBENC"). Such WBENC status has been granted as a result of my ownership and management of these portfolio companies and the Zohar Funds, which status could be jeopardized by a finding of liability in the challenged administrative proceeding.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on April 15, 2015, at New York, New York.

Lynn Tilton